79 F.3d 1153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary Eugene KUKES, Petitioner-Appellant,
v.
Arthur CALDERON, Warden; Attorney General, State of
California, Respondents-Appellees.
 No. 95-15976.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Eugene Kukes, a California state prisoner, appeals pro se the district court's dismissal of his second 28 U.S.C. § 2254 petition. Kukes contends the district court erred when it denied his petition as an abuse of the writ. We have jurisdiction under 28 U.S.C. § 2253. We review for abuse of discretion, Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994), and affirm.
 
 
 3
 A petitioner abuses the writ of habeas corpus if he raises a new claim in a subsequent habeas petition that he could have raised in his first habeas petition. See McCleskey v. Zant, 499 U.S. 467, 489 (1991). The State bears the initial burden of pleading abuse of the writ. Id. at 494. The burden then shifts to the petitioner to show cause for failing to raise the claim earlier and prejudice resulting from the errors of which he complains. Id. If the petitioner cannot show cause, he may obtain review of his constitutional claims only if he falls within "the narrow class of cases ... implicating a fundamental miscarriage of justice." Schlup v. Delo, 115 S.Ct. 851, 861 (1995) (citing McCleskey, 499 U.S. at 494).
 
 
 4
 In his current petition entitled "Successive Petition for Writ of Habeas Corpus," Kukes contends the prosecution introduced evidence that was false and legally insufficient to support his second degree murder conviction. Kukes failed to raise these claims in his first habeas petition and he does not show any cause for his failure to do so. See McCleskey, 499 U.S. at 493-94.[1]
 
 
 5
 Kukes claims that he is innocent and is therefore entitled to a determination of his claim. However, Kukes has failed to demonstrate any constitutional error or make a colorable showing of factual innocence. See Schlup v. Delo, 115 S.Ct. 851, 867 (1995); McCleskey, 499 U.S. at 495. Accordingly, Kukes abused the writ of habeas corpus by attempting to raise new claims in a subsequent petition. Id. at 503.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Kukes' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kukes also alleges that in its answer to his prior habeas petition, the government "judicially admitted" that the prosecution introduced false and misleading evidence. As the government notes, the district court rejected Kukes' allegations regarding the purported admission at the same time it denied his prior petition. To the extent that Kukes' current claim is based on these allegations, his claim is barred as successive. See Clark v. Lewis, 1 F.3d 814, 823 (9th Cir.1993)